# IN THE COURT OF APPEALS OF IOWA

No. 20-0025
Filed October 20, 2021

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**DIEUDONNE MANIRABARUTA,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Linn County, Christopher L. Bruns, Judge.

Dieudonne Manirabaruta appeals his conviction, following an *Alford* plea, of second-degree theft. **APPEAL DISMISSED.**

Peter Stiefel, Victor (until withdrawal) and Shawn McCullough of Powell and McCullough, PLC, Coralville, for appellant.

Thomas J. Miller, Attorney General, and Zachary Miller, Assistant Attorney General, for appellee.

Considered by Mullins, P.J., and May and Ahlers, JJ.

**MULLINS, Presiding Judge.**

I.    **Background**

On June 14, 2019, Dieudonne Manirabaruta was criminally charged.  On August 16, Manirabaruta, while represented by counsel, entered guilty pleas to charges of second-degree theft and attempted eluding, which the court accepted. He was advised of his obligation to file a motion in arrest of judgment to challenge his pleas within forty-five days, but in any event, not less than five days prior to sentencing, and that failing to do so would preclude a right to challenge his pleas on appeal.  *See* Iowa R. Crim. P. 2.24(3)(a), (b).  The court scheduled sentencing to occur on October 15.

On September 17, Manirabaruta filed a pro se letter with the court requesting new counsel.  Following a hearing three days later, the court granted the request and appointed new counsel.  The court specifically directed Manirabaruta to contact his new attorney, who was representing Manirabaruta in other cases, with any questions or concerns.  Ten days remained for Manirabaruta to file a timely motion in arrest of judgment.  Then, on October 15, the day of sentencing and more than forty-five days after tendering his pleas, Manirabaruta— through counsel—moved to withdraw his plea and in arrest of judgment as to the theft charge.  He asserted he was actually innocent, his first attorney misadvised him of the immigration consequences of his plea, and his plea lacked a factual basis.

At the sentencing hearing, defense counsel essentially requested the court to consider the untimely motion based on good cause.[1] The court read rule 2.24(3) to not provide for consideration of an untimely motion in arrest of judgment based on good cause.[2] The court found the motion to be untimely and declined to consider it. Thereafter, counsel pointed out there may have been an oral indication by Manirabaruta at the hearing on motion for new counsel "that could suffice as an . . . oral motion to have an arrest of judgement and that . . . would have been plenty timely." The court responded Manirabaruta could not file his own motion in arrest of judgment when he was represented by counsel. *See* Iowa Code § 814.6A(1) (Supp. 2019). The court also declined to consider Manirabaruta's motion to withdraw his guilty plea. The court proceeded to sentencing and entered judgment and sentence the same day. The next day, the court filed a written order detailing its decision to not consider the motions in arrest of judgment and to withdraw the guilty plea. Two days later, Manirabaruta moved for reconsideration in two motions. In one of the motions, he asserted he was actually innocent and should be allowed to withdraw his plea. In the other, he argued his September 17 pro se filing requesting new counsel was a "timely pro se assertion of the desire to arrest of judgment," and the amended section

---

[1] Defense counsel explained he inadvertently filed the motion in arrest of judgment, which was also untimely when he filed it, in a different criminal case in which he represented Manirabaruta.

[2] The only portion of the rule that touches on good cause relates to the time for ruling on a motion in arrest of judgment: "A motion in arrest of judgment shall be heard and determined by the court within 30 days from the date it is filed, except upon good cause entered in the record." Iowa R. Crim P. 2.24(3)(e). While the time for filing a motion "in arrest of judgment may be extended to such further time as the court may fix," Iowa R. Crim. P. 2.24(4)(a), Manirabaruta agrees no such motion for an extension was made.

814.6A(1) did not apply to preclude the court's consideration of his pro se filing. On November 19, the court entered an order confirming its ruling on the motion in arrest of judgment, but noting it would consider the motion to withdraw the plea at the already scheduled hearing. Two days later, Manirabaruta moved for expanded findings on the order confirming the ruling on the motion in arrest of judgement.

Following a hearing in December 2019, Manirabaruta submitted additional briefing on his motion to withdraw his plea. He argued he was actually innocent, he was not sufficiently advised of immigration consequences, and his plea lacked a factual basis. In its ruling, the court confirmed its denial of the motion in arrest of judgment as untimely. The court also confirmed its denial of Manirabaruta's motion to withdraw his plea, finding the plea was supported by a factual basis and the issue of counsel's effectiveness in relation to immigration consequences would need to be developed on postconviction relief because Manirabaruta refused to waive privilege and allow his prior counsel to testify fully. Manirabaruta appeals.

## II.     Standard of Review

"We review a district court's . . . denial of a motion in arrest of judgment and a motion to withdraw a plea for abuse of discretion." *State v. Smith*, 753 N.W.2d 574, 581 (Iowa 2008). "A court abuses its discretion when the grounds or reasons for the court's decision are 'clearly untenable' or when the court has exercised its discretion to an extent that is 'clearly unreasonable.'" *Lee v. State*, 906 N.W.2d 106, 194 (Iowa 2018) (quoting *Equity Control Assocs., Ltd. v. Root*, 638 N.W.2d 664, 674 (Iowa 2001)). "A ground or reason is untenable when it is not supported by substantial evidence or when it is based on an erroneous application of the law."

*Id.* (quoting *Root*, 638 N.W.2d at 674). Unless the contrary is shown, it is presumed the district court's decision is correct. *Id.*

**III.     Analysis**

**A.     Jurisdiction**

Manirabaruta raises two arguments on appeal. First, he argues his September 2019 letter to the court amounted to a motion in arrest of judgment and was timely filed and the district court erred in not considering it as such. Second, he argues the court erred in denying his motion to withdraw his guilty plea on the basis it was unsupported by a factual basis.

We begin with the State's request that we dismiss the appeal because Manirabaruta has no right of appeal following his guilty plea and makes no attempt to establish good cause to appeal. *See* Iowa Code § 814.6(1)(a)(3). As to the motion to withdraw his plea, Manirabaruta replies an insufficient factual basis amounts to good cause to allow the appeal and considering the issue now would promote judicial economy. As to the purported motion in arrest of judgment, he requests a grant of discretionary review. Among the district court rulings for which we may grant discretionary review are "an order raising a question of law important to the judiciary and the profession," or "an order denying a motion in arrest of judgment on grounds other than an ineffective assistance of counsel claim." *See id.* § 814.6(2)(e), (f).

**B.     Motion in Arrest of Judgment**

Manirabaruta first argues his pro se letter filed in September 2019 was a motion in arrest of judgment and was timely filed. The letter requested his current counsel be dismissed because Manirabaruta recently

called to see if he received my letter and message about him putting in a motion in arrest of judgment for my case because in doing my plea deal he didn't clarify it to me that the *Alford* plea was still pleading guilty to the charges and instead told me that I'm just admitting to the sufficient facts and not wanting to take it to trial and when he answered the phone he was cursing at me and being rude and yelling and saying I was bullshitting him, so therefore I would like a new attorney please and thank you.

Manirabaruta argues the court should have given him some leeway and considered this a substantive motion in arrest of judgment. While Manirabaruta noted his desire to pursue arrest of judgment, his only prayer in the letter was for new counsel, presumably to pursue a motion in arrest of judgment. The letter did not request the court to arrest judgment and, thus, the court did not treat it as such a motion. The court appointed new counsel with time remaining to file a timely motion.

Effective July 1, 2019, prior to the filing of the motion, Iowa courts were stripped of their authority to consider pro se filings by defendants who are "currently represented by counsel" other than motions for disqualification of counsel. 2019 Iowa Acts ch. 140, § 30 (codified at Iowa Code § 814.6A). Manirabaruta argues the new statute does not apply to his case because it was initiated before the amendment's effective date. Our supreme court recently rejected this claim in relation to the statute's postconviction-relief counterpart, section 822.3A. *Hrbek v. State*, 958 N.W.2d 779, 783 (Iowa 2021) ("[T]he application of section 822.3A to *pending* postconviction cases and postconviction appeals is not prohibited by any rule regarding the retrospective application of statutes." (emphasis added)). We see no reason to differentiate this holding as to pending criminal cases.

Manirabaruta also claims section 814.6A does not apply because he was not "currently represented by counsel." He asks us to construe the statute "to not include the situation where a defendant has an attorney of record, but the attorney of record has refused to file a motion in arrest of judgment that the defendant has requested him to file that would address the attorney's ineffective assistance." But the statute's intent and direction for procedure are clear. If unhappy with representation, a defendant can either exercise their right to self-representation or move for disqualification of counsel. Iowa Code § 814.6A(2), (3). Here, Manirabaruta chose the latter and was appointed new counsel, who had time to spare to file the motion in arrest of judgment. So Manirabaruta was not effectively without counsel to pursue his motion, as he frames it.

The district court ruled precisely: "Defendant's letter was not a motion in arrest of judgment." We agree the letter was not a motion in arrest of judgment. Thus, this claim does not qualify for discretionary review under section 814.6(2)(f). Further, we find said order by the district court does not raise a question of law important to the judiciary and the profession under section 814.6(2)(e). And Manirabaruta's argument is essentially a claim of ineffective assistance of first counsel, which we lack authority to consider on direct appeal. *Id.* § 814.7.

C.     Motion to Withdraw Plea

Manirabaruta goes on to argue the court erred in denying his motion to withdraw his guilty plea on the theft charge on the basis there was no factual basis that he knew or had reason to know the vehicle involved was stolen. He claims the lack of factual basis is good cause to appeal. Until further directed by our supreme court, we decline to find good cause to grant Manirabaruta a right to

appeal based on his claim of no factual basis for his guilty plea. *See id.* § 814.6(1)(a)(3).

## IV.    Conclusion

Finding no basis for granting discretionary review on the alleged motion in arrest of judgment, and finding no good cause to grant a right to appeal based on lack of factual basis supporting the plea, we dismiss the appeal.

**APPEAL DISMISSED.**